UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LEECH CAMPION,

         Plaintiff,

v.

FARMERS INSURANCE
EXCHANGE, INC.,

         Defendant.

                                        /

Case No. 2:22-cv-12075

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING**
**<u>DEFENDANT'S MOTION TO COMPEL DISCOVERY [17]</u>**

Plaintiff John Leech Campion sued his former employer, Defendant Farmers Insurance Exchange, for violating Title VII of the Americans with Disabilities Act (ADA) and the Michigan Persons with Disabilities Civil Rights Act (PWDCRA). ECF 1. After Defendant answered, ECF 11, the Court held a scheduling conference under Federal Rule of Civil Procedure 16 and issued a scheduling order. ECF 12; 15. Four months later, Defendant moved for the Court "to compel Plaintiff to produce responsive records and information related to key substantive issues and his alleged economic and non-economic damages." ECF 17, PgID 82. The parties briefed the motion. ECF 19; 20. For the reasons below, the Court will grant the motion to compel.[1]

---

[1] Based on the briefing of the parties, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

1

## BACKGROUND

"Plaintiff has suffered from a degenerative sight and hearing loss disorder since he was in high school." ECF 1, PgID 2. He was employed by Defendant from 2006 to 2021, and Plaintiff claimed that "Defendant was fully aware of Plaintiff's condition." *Id.* at 2–3. Plaintiff alleged that he was "penalized [] for failing to complete work he was physically incapable of performing without an accommodation, but which he could perform with a simple fix." *Id.* at 3. He also alleged that Defendant offered a severance package to him, which he declined. *Id.* Defendant then terminated Plaintiff's employment. *Id.* Plaintiff sought damages for "mental [or] emotional pain and suffering, including but not limited to loss of enjoyment of a normal life due to irritability, depression, anxiety, worry, humiliation, grief, sadness, anger, and panic attacks." *Id.* at 6, 8, 11, 16; *see id.* at 12, 14.

During discovery, Defendant served its first set of requests for production of documents and its first set of interrogatories. ECF 17, PgID 89; ECF 17-2. Plaintiff responded—after a three-week extension—to the discovery requests but included no supporting documentation. ECF 17-3; ECF 17-4. For some responses, Plaintiff promised to "supplement [his] response." ECF 17-3, PgID 123, 126; ECF 17-4, PgID 131. For others, Plaintiff objected based on relevance or scope. ECF 17-3, PgID 124, 126; ECF 17-4, PgID 130, 132–33.

After receiving the discovery responses, Defendant's counsel emailed Plaintiff's counsel "to clarify some of Plaintiff's objections to the [discovery requests]." ECF 17, PgID 91; ECF 17-8 (email chain between counsel). Defendant's counsel even "made a

proposal to Plaintiff to narrow the applicable [d]iscovery [r]equests." ECF 17, PgID 92; ECF 17-8, PgID 146–47. Plaintiff's counsel could not reach her client to review Defendant's proposal. ECF 17-8, PgID 145–46.

Although Plaintiff's counsel never responded to the proposal, Plaintiff disclosed to Defendant his supplemental responses to the production requests. ECF 17, PgID 93; ECF 17-10. Still, the supplemental responses did not include several items requested by Defendant. ECF 17, PgID 94; *see* ECF 17-10. And when Defendant's counsel again tried to confer with Plaintiff's counsel to cure the apparent production deficiencies, counsel for Plaintiff failed to agree to a deadline to produce or object to the remaining discovery requests. *Id.* at 94–95. "Defendant's counsel then informed Plaintiff['s counsel] that Defendant would be filing a motion to compel" because Plaintiff had failed to remedy the deficiencies. *Id.* at 95.

## LEGAL STANDARD

Discovery matters, including compelling the disclosure of documents and interrogatories are "committed to the sound discretion of the district court." *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996) (quotation marks and quotation omitted); *see* Fed. R. Civ. P. 37(a). Discovery is limited only to relevant matters of the case. Fed. R. Civ. P. 26(b)(1). Relevant matters are construed broadly to include any information that "is reasonably calculated to lead to the discovery of admissible evidence." *Lewis v. ACB Bus. Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (quotation marks and citations omitted).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if" the opposing party "fails to answer an interrogatory submitted under Rule 33" or if the party "fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). And under Rule 37(a)(4), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

"The burden . . . rests with the party objecting to the motion to compel to show [that] the discovery requests are improper." *Strategic Mktg. & Rsch. Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-cv-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) (Murphy, J.) (quotation marks and quotation omitted). "Once a party raises an objection to discovery based on relevance, the burden shifts to the party seeking the information to demonstrate that the requests are relevant to the subject matter involved in the pending action." *Id.* at *2 (quotation marks and quotation omitted).

## DISCUSSION

The Court will first grant the motion to compel. After, the Court will explain why Rule 37 sanctions are warranted.

I. Motion to Compel

Plaintiff provided to Defendant "seven new medical record authorizations on the same day he filed his [r]esponse" to the motion to compel. ECF 20, PgID 184. Consequently, Defendant modified the relief it sought. *Id.* at 185–86. Defendant categorized the requested relief into four topics of discovery: medical records,

4

emotional distress damages, tax filings, and social security records. *See id.* The Court will discuss each in turn.

    A.    *Medical Records*

Defendant moved for the Court to compel Plaintiff, "within [ten] days of the Court's Order, to confirm the [eight] medical record authorizations represent the extent of his medical care providers since April 2016 by supplementing his response to Interrogatory No. 1 . . . to reflect those [eight] providers and any other providers still yet to be disclosed." ECF 20, PgID 185. Plaintiff confirmed that he had produced to Defendant "signed authorizations." ECF 19, PgID 178. But Plaintiff did not explain in his response whether those authorizations reflect all the "health care providers . . . consulted by Plaintiff since April 2016." ECF 17-4, PgID 130; *see* ECF 19, PgID 176–79. And if he has consulted with other health care providers, Plaintiff did not argue why he should not have to disclose them in a supplemental response. *See* ECF 19, PgID 176–79. Accordingly, the Court will order Plaintiff to supplement his response to Interrogatory No. 1 to confirm that the eight medical record authorizations he sent to Defendant reflect the extent of his medical care providers since April 2016. If there were other health care providers during that period, Plaintiff must either disclose them in his supplemental disclosure or explain why he objects to their disclosure. Moreover, if Plaintiff discloses any new health care providers under Interrogatory No. 1, he must supplement his response to Production Request No. 14 and provide medical record authorizations for those health care

5

providers. Plaintiff must make the above supplemental disclosures no later than August 23, 2023.

    B.    *Garden-Variety Emotional Distress*

Plaintiff confirmed in his response brief that he is "not claiming anything other than garden variety emotional distress." ECF 19, PgID 178. In reply, Defendant asked the Court to compel Plaintiff, "within [ten] days of the Court's order, to supplement his response to Interrogatory No. 4 . . . to reflect that he is only seeking garden variety emotional distress damages." ECF 20, PgID 186. To date, Plaintiff's response to Interrogatory No. 4 is: "Plaintiff will supplement his response." ECF 17-4, PgID 131. Because Plaintiff has not yet supplemented his response to Interrogatory No. 4, the Court will order Plaintiff to supplement his response to the interrogatory to reflect that he is seeking only garden variety emotional distress damages. Plaintiff must provide the supplement to Defendant no later than August 23, 2023.

    C.    *Tax Filings (2021 and 2022)*

Defendant moved for the Court to compel Plaintiff, "within [ten] days of the Court's Order, to provide a copy of his original 2021 taxes that he filed in response to Production Requestion No. 1." ECF 20, PgID 185. Defendant also asked the Court to compel Plaintiff "to disclose his amended 2021 and original 2022 tax filings . . . within [ten] days of filing each one with the government." *Id.* at 186. Plaintiff did not object to providing the original 2021 tax filings. *See* ECF 19, PgID 179. And Plaintiff confirmed that his "2021 filing is being amended by his accountant but will be produced, and he has not yet filed taxes for 2022." *Id.* Because there is no

6

disagreement that Plaintiff will produce the tax filings to Defendant, the Court will order Plaintiff to provide Defendant with a copy of his original 2021 taxes that he filed in response to Production Requestion No. 1 no later than August 23, 2023. And Plaintiff must disclose his amended 2021 and original 2022 tax filings to Defendant no later than ten days after he files each one with the government.

        D.     *Social Security Records Authorization*

Last, Defendant moved for the Court to compel Plaintiff to produce signed authorizations for his social security disability insurance records. ECF 17, PgID 100. Defendant claimed that the records "have the potential to negate Plaintiff's ability to claim he was a 'qualified individual with a disability' under the ADA and 'disabled' under the PWDCRA." *Id.* In response, Plaintiff stated that he "is not willing to permit Defendant to have his Social Security records without first having the opportunity for his counsel to review the same, but he is willing to produce determination letters and any other disability related income, to the extent it exists." ECF 19, PgID 179. Yet Plaintiff did not dispute that the information is relevant under Rule 26(b)(1). *See* ECF 19. And Plaintiff did not explain why his counsel had not already reviewed the records; nor did he provide an estimated timeline for when his counsel could review them. *See id.* The Court will therefore order Plaintiff to produce, as he offered, "determination letters and any other disability related income, to the extent it exists" no later than August 23, 2023. *Id.* The Court will also order Plaintiff's counsel to promptly review the Social Security records and supplement his response to

7

Production Request No. 18 no later than August 23, 2023. *See* ECF 17-3, PgID 126 ("Plaintiff will supplement this response.").

II.  Rule 37 Sanctions

Although fees are generally required once the Court grants a motion to compel, Fed. R. Civ. P. 37(a)(5)(A), the Court need not order sanctions if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). The Court must consider four factors before awarding Rule 37 sanctions: (1) "whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault"; (2) "whether the adversary was prejudiced by the party's failure to cooperate in discovery"; (3) "whether the party was warned that failure to cooperate could lead to the sanction"; and (4) "in regard to a dismissal [] whether less sanctions were first imposed." *Doe v. Lexington-Fayette Urb. Co. Gov.*, 407 F.3d 755, 766 (6th Cir. 2005); *see also Nichols v. Cantoro's Cafe, L.L.C.*, No. 19-12945, 2020 WL 1872364, at *7 (E.D. Mich. Apr. 15, 2020) (Cleland, J.).

The Court granted Defendant's motion to compel in full and Plaintiff produced some discovery after Defendant filed the present motion. The Court must accordingly order sanctions against Plaintiff unless the above four factors counsel otherwise. *See Doe*, 407 F.3d at 766.

First, Plaintiff never explained why he did not provide the required disclosures for four months, but then produced them shortly after Defendant moved to compel them. *See* ECF 19; ECF 20, PgID 185. To be sure, Plaintiff could not produce some of the disclosures because they did not yet exist (the 2022 taxes not yet filed), but other

8

disclosures like "determination letters and any other disability related income" appear to be presently available for production. ECF 19, PgID 179. At minimum, Plaintiff needed to confirm whether the documents existed, and he needed to provide Defendant with supplemental responses about their existence. The first factor therefore weighs slightly in favor of sanctions. *See Doe*, 407 F.3d at 766.

Second, Defendant did not explain whether the four-month delay caused it prejudice apart from the cost of filing the motion to compel. *See* ECF 17, PgID 96, 101; ECF 20, PgID 186. Still, the second factor favors sanctions because of the costs Defendant incurred to draft, file, and brief the motion to compel. *See Doe*, 407 F.3d at 766.

Third, Plaintiff knew that Defendant would be forced to move to compel disclosures from him if he did not provide the repeatedly requested disclosures. ECF 17-8, PgID 144–45. And Plaintiff knew that the Court must order the non-disclosing party or his attorney to pay the movant's reasonable expenses incurred in making the motion if the motion is granted or if the disclosure is provided after the motion is filed. Fed. R. Civ. P. 37(a)(5)(A). Plaintiff was therefore on notice that sanctions were possible when Defendant warned that it would move to compel. Consequently, the third factor favors Rule 37 sanctions. *See Doe*, 407 F.3d at 766. And the fourth factor does not apply here because the Court is not ordering a dismissal. *See id.*

In sum, the three relevant factors all favor Rule 37 sanctions. *See id.* And Plaintiff offered no reason for why his nondisclosure was substantially justified or why the Court should find that an award of expenses would be unjust. *See* Fed. R.

9

Civ. P. 37(a)(5)(A)(ii)–(iii). The Court will thus order Plaintiff, Plaintiff's counsel, or both, to pay for the reasonable expenses and attorneys' fees that Defendant incurred in making the motion to compel, ECF 17. Defendant must submit a detailed bill of costs no later than August 18, 2023. Plaintiff may object to the bill of costs no later than one week after Defendant files it.

## CONCLUSION

The Court will grant the motion to compel by Defendant in full. Plaintiff must provide the above-described disclosures no later than August 23, 2023. The Court will also order Plaintiff, Plaintiff's counsel, or both to pay Defendant's reasonable expenses incurred in filing the motion to compel, ECF 17. The parties must proceed with the above-described schedule to submit and object to Defendant's bill of costs.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion to compel discovery [17] is **GRANTED**. Plaintiff must provide the above-described disclosures **no later than August 23, 2023**.

**IT IS FURTHER ORDERED** that Plaintiff, Plaintiff's counsel, or both must **PAY** for the reasonable expenses and attorney's fees that Defendant incurred in making the motion to compel [17].

**IT IS FURTHER ORDERED** that Defendant must **FILE** a detailed bill of costs for its expenses in filing the motion to compel [17] **no later than August 18, 2023**. Plaintiff may **OBJECT** to the bill of costs **no later than one week** after

Defendant files it.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 9, 2023